Steve J. Johnson (12568)
LAW OFFICE OF STEVE JOHNSON, PLLC
1564 S. 500 W. STE 102
Bountiful, UT 84010
Telephone: (801) 397-1111
Facsimile: (801) 797-1110
Email: steve@yourpipro.com
Attorney for Plaintiff

IN THE FOURTH JUDICIAL DISTRICT COURT-PROVO
UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| BECKY BUTTERFIELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, dba TRAVELERS INSURANCE COMPANY, and dba TRAVELERS<br><br>Defendant. | **COMPLAINT and JURY DEMAND**<br>**(TIER 2)**<br><br>Cas250401675e No:<br><br>Judge: |

Plaintiff, Becky Butterfield, by and through counsel, for her complaint against the above-captioned Defendant, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Becky Butterfield (hereinafter "Becky"), is a resident of Garland, State of Utah.

2. Defendant, The Standard Fire Insurance Company, dba Travelers Insurance Company, and also dba Travelers (hereinafter "Travelers"), is a Connecticut company which is licensed to sell insurance products in Utah and also has agents and branches in Utah and regularly conducts business in the State of Utah, including in Utah County.

3. This Court has jurisdiction pursuant to Utah Code Ann. § 78A-5-102, in that this action is of a civil nature.

1

4. Venue is proper pursuant to Utah Code Ann. § 78B-3-307, in that the cause of action arose in and Defendant regularly does business in Utah County.

## FACTUAL ALLEGATIONS

5. On March 30, 2022 Becky Butterfield was involved in a motor vehicle collision on Columbia Lane in Provo, Utah.

6. The at-fault driver, Susana Graneros, and her insurance company, accepted liability for the crash.

7. Ms. Graneros was also cited for failing to yield the right-of-way.

8. As a result of the crash, Becky suffered the following injuries and conditions: concussion with associated sensitivity to light, nausea, dizziness, headaches, anxiety, mood changes, irritability, blurred vision, loss of balance, confusion, spinal injuries, including injury to the ligaments and muscles and tendons, injury to the rib cage.

9. As a result of these injuries, Becky has sustained substantial economic losses, including but not limited to past lost medical expenses which exceed $58,000.00, and she will more than likely need future medical treatment for these injuries and conditions.

10. Becky has also suffered non-economic losses through pain and suffering and loss of enjoyment of life related to her injuries from this collision, which are subject to payment under both automobile liability coverage and under-insured motor vehicle coverage.

11. Becky's total losses relating to her injuries from this crash likely exceed $250,000.00.

12. American Family Insurance, the liability carrier for Susana Graneros, offered its policy limit of $100,000.00, with payment related to that offer being made on October 9, 2023.

13. The payment from the liability carrier for the at-fault driver is insufficient to fully cover all the full harms suffered by Becky as a result of this collision.

14. Becky is entitled to additional payment from any Underinsured Motor Vehicle (UIM) coverage available to her.

15. At the time of the collision, Becky was the beneficiary of a policy including under-insured motorist coverage carried by Defendant Travelers, both by nature of being a named insured in the policy and also by occupying the insured vehicle.

16. Becky demanded the UIM policy limit of $100,000.00 from Traveler on November 28, 2023.

17. Travelers refused to make any offer of payment under the UIM policy.

### FIRST CAUSE OF ACTION
(Breach of Contract)

18. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs herein and further alleges the following:

19. The Travelers policy, including coverage for injuries caused by under-insured motorists, was in effect at the time of the crash, and Becky was a "named insured" under the policy and was occupying the insured vehicle.

20. Travelers received timely notice of the crash and Becky's request for UIM benefits.

21. Under the terms of the policy, Travelers became obligated to pay to Becky insurance benefits for the total value of her losses, up to the policy limits.

22. Notwithstanding its obligation to do so, Travelers failed to and refused to adequately compensate Becky despite demand therefore. Such failures and refusals constituted a material breach of contract.

23. As a direct and proximate result of said breach of contract, Becky failed to receive sufficient funds to properly and adequately compensate her for her losses due to the subject event and Becky's resultant injuries.

24. Travelers is liable for all general and consequential damages which naturally flow from its breach of contact.

25. Travelers is liable for Plaintiff's attorney's fees, litigation expenses and prejudgment interest.

## SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing)

26. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs herein and further alleges the following:

27. At all times material hereto, Travelers agreed to act in good faith and deal fairly with Becky, who was its insured under its policy, when it entered into the contact of insurance and accepted payment of premiums.

28. In the absence of a reasonable basis for doing so, and with reckless disregard for the consequences to Becky, Travelers failed and refused to pay to Becky the benefits owed under the contract. Travelers refused to act and failed to act in good faith and deal fairly with Becky so as to further its own economic interests, in violation of its obligations to Becky, including but not limited to, failing to reasonably investigate, evaluate, and pay Becky's claims.

29. Upon information and belief, Travelers, through its employees and due to its policies, performed these acts wrongfully and illegally.

30. Travelers pursued said course of conduct in conscious disregard of the health and financial welfare of Becky.

31. Becky has incurred and will also incur attorney's fees, court costs and expenses of litigation. Travelers is liable to Becky for all damages resulting from the breach of its good faith duties.

4

### THIRD CAUSE OF ACTION
(Breach of Statute)

32. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs herein and further alleges the following:

33. By Travelers 's wrongful conduct outlined above, Travelers breached U.C.A. 31A-22-305.3, as well as Rule 590-190-10 of the Utah Administrative Code, and other statutes in failing to timely pay Becky's valid claim.

34. As a proximate result of Travelers 's breach of the above statutes, Becky has sustained special, general and consequential damages arising from the Travelers 's wrongful conduct.

35. Travelers has pursued a course of conduct maliciously and in conscious disregard for the rights and health of Becky and/or reckless disregard of her circumstances and the likelihood of an adverse impact on Becky's financial and physical well-being.

36. Travelers is liable for all special, general and other consequential damages as described above.

### FOURTH CAUSE OF ACTION
(Unjust Enrichment)

37. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

38. Travelers received compensation as a result of Becky's purchase of insurance. In exchange for the purchase price, Becky expected to get an insurance policy that would protect her interests if so needed.

39. Travelers has been unjustly enriched by withholding payment of the benefits due to Becky and the other acts set forth above, to the detriment of Becky.

40. Becky suffered injury by her purchase of the insurance policy with a denial of the

benefits due to her.

41. Travelers should be divested of this unjustly gained enrichment with such damages awarded to Plaintiffs in an amount to be proven at trial.

## PRAYER FOR RELIEF

42. Wherefore, Plaintiff seeks the following relief from Defendant:

    a. For payment of the unpaid UIM benefits as required under UIM laws and the UIM contract;

    b. For past and future economic losses in an amount to be proven at trial;

    c. For non-economic losses in an amount to be proven at trial;

    d. For costs of suit herein;

    e. For pre and post judgment interest as provided by law; and

    f. For such further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all issues of fact in this matter.

DATED this 10th day of April, 2025.

**LAW OFFICE OF STEVE JOHNSON**

/s/ Steven J. Johnson
Steven J. Johnson